IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

RAY FRANK BALL,                          :

     Petitioner,                       :

v.                                       :        CIVIL ACTION 07-0077-CB-M

JERRY FERRELL,                           :

     Respondent.                       :

<u>REPORT AND RECOMMENDATION</u>

This is an action under 28 U.S.C. § 2254 by an Alabama inmate which has been referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 8 of the Rules Governing Section 2254 Cases. Petitioner was convicted of solicitation to commit murder in the Circuit Court of Mobile County on September 18, 2005 (Doc. 1). Petitioner received a sentence of life in the State penitentiary (*id.*).

Petitioner filed a complaint with the U.S. District Court for the Middle District of Alabama on December 27, 2006, raising the following claims: (1) His conviction was obtained through the Prosecution's failure to disclose favorable evidence to the accused; (2) the Prosecutor impermissibly struck Blacks from the jury (Docs. 1, 4). On January 30, 2007, the action was transferred to this Court (Doc. 5). A new petition, filed in this Court, renewed these two claims (Doc. 10); another pleading

entitled "Petition," raised the additional claims:  (3) the trial
court committed reversible error by refusing the give the
Defendant's requested charges; (4) the trial court committed
gross prejudicial error when it denied Defendant's request for an
acquittal which denied Defendant an opportunity to adequately
receive a fair and impartial judgment; and (5) the State failed
to correct false testimony of several witnesses (Doc. 7).[1]

Respondent asserts that Petitioner has never raised claims
one, two, four, and five throughout the State courts and that he
has a remedy available to him.  More specifically, Respondent
asserts that Petitioner has until July 14, 2007 to raise these
claims in a State Rule 32 procedure (Doc. 19, pp. 5-6).

Accepting Respondent's assertion that Petitioner has
remedies available in the State courts on claims one, two, four,
and five in the form of a State Rule 32 petition, so long as such
petition is filed by July 14, 2007, this Court finds that
Petitioner has failed to exhaust his state remedies with regard
to these claims.  Respondent has claimed exhaustion as to claim
three (Doc. 19, p. 6).

As Petitioner has stated claims which are both exhausted and
unexhausted in the State courts, this is a mixed petition.  *See*
*Rose v. Lundy*, 455 U.S. 509 (1982).  As Petitioner has filed a

---

[1]The Court notes that Respondent lists seven different claims (Doc.
19, pp. 4-5).  The Court finds two of those claims to be repetitive.

mixed petition, Petitioner has the option of amending his petition by dismissing the unexhausted claims and pursuing the exhausted claims,[2] or requesting that this petition be dismissed without prejudice so that he may pursue his state remedies before refiling a habeas petition in this court which raises all claims. *Rose v. Lundy*, 455 U.S. 509 (1982).

Therefore, Petitioner is **ORDERED** to file with this Court, a supplemental pleading, **not later than June 22, 2007**, informing the Court of whether he chooses to do the following:  (a) dismiss this petition without prejudice so that he may exhaust all claims; or (b) dismiss the unexhausted claims and proceed on the one remaining claim.  If Petitioner fails to notify the court as ordered herein, it is recommended that the petition be denied in its entirety, without prejudice, so that Petitioner can exhaust state remedies.[3]

---

[2]Petitioner should bear in mind that Rule 9(b) of the Rules Governing Habeas Corpus Cases under Section 2254 provides for the dismissal of successive habeas petitions if Petitioner raises new claims and does not meet the burden of proving that his "failure to raise the issue in his first petition was not the result of intentional withholding or inexcusable neglect."  *Ritter v. Thigpen*, 828 F.2d 662, 664 (11th Cir. 1987).  The Court suggests that Petitioner would be unable, in a successive petition, to meet the burden of *Ritter* with regard to claims one, two, four, and five as the record now clearly establishes his awareness of them.

[3]The Court encourages Petitioner to act with haste as he has little time before the July 14, 2007 State deadline.  Petitioner is also cautioned that this action will not be stayed so that he may pursue his State remedies.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.   **<u>Objection</u>**.   Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.   Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.   *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).   The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.   The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.   The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de novo</u> and a different disposition made.   It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.   Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **<u>Transcript (applicable where proceedings tape recorded)</u>**.
Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in

this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 1st day of June, 2007.


s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE